IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00167-BNB

ROBERT OVIGIAN,

     Applicant,

v.

JOHN DAVIS, Warden, Buena Vista Correctional Facility,

     Respondent.

## ORDER OF DISMISSAL

     Applicant, Robert Ovigian, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Buena Vista, Colorado.  He initiated this action by filing *pro se* on January 21, 2014, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the suspension of his parole.  He has paid the $5.00 filing fee.

     On February 4, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 7) directing Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondent intended to raise either or both of those defenses in this action.

     On February 25, 2014, Respondent filed a preliminary response (ECF No. 10). Mr. Ovigian has not filed a reply to the preliminary response, although he was afforded the opportunity to do so.

     The Court must construe liberally the filings of Mr. Ovigian because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the habeas corpus application, and dismiss the action.

In the habeas corpus application, Mr. Ovigian alleges that his parole was "revoked on July 25, 2013, due to a charge of petty theft under $500.00 and careless driving."  ECF No. 1 at 2.  The parole complaint attached to the preliminary response indicates that Mr. Ovigian was arrested on new charges and placed on a parole hold on July 25, 2013, for a theft charge of less than $500.00 in Westminster, Colorado, on June 10, 2013, and a careless driving charge and lane usage violation in Boulder County, Colorado, on May 14, 2013.  ECF No. 10 at 2, ex. A (parole complaint) at 1.  On August 21, 2013, Mr. Ovigian's parole was revoked for 180 days, during which Mr. Ovigian was to remain report free and program compliant.  ECF No. 10 at 2, ex. B (parole board mittimus) at 1.  Mr. Ovigian was returned to the DOC at the Buena Vista Correctional Complex (BVCC).

While at the BVCC, Mr. Ovigian was convicted of two Code of Penal Discipline violations for disobeying a lawful order, a Class II, Rule 25 violation.  *See* ECF No. 1 at 5-6 (DOC notices of charges).  As a result of the two charges, the Colorado Board of Parole on December 24, 2013, rescinded Mr. Ovigian's re-parole, and the period of revocation was extended an additional 150 days from November 20, 2013.  *See* ECF No. 10 at 2, ex. C (Colorado Board of Parole Rescission Hearing) at 1.

Mr. Ovigian asserts that the re-parole rescission was based on false pretenses because the COPD convictions were based on disobeying orders that were not lawful.

2

He claims he exhausted his administrative remedies by writing kites requesting appeal forms to his case manager, and the kites were ignored.  *See* ECF No. 1 at 7.

Mr. Ovigian also asserts a conditions-of-confinement claim concerning a threat of retaliation and his safety, *see* ECF No. 1 at 7-8, that is inappropriately asserted in a habeas corpus action.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions).  "It is well-settled that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens [v. Six Unknown Named Agents*, 403 U.S. 388 (1971),] . . . – not through federal habeas proceedings."  *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Mr. Ovigian may pursue his habeas corpus claim in the instant action.  If he intends to assert a civil rights claim challenging the conditions of his confinement, he must file a separate civil rights action pursuant to § 1983.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  A federal court may only

3

grant habeas corpus relief when a state prisoner is "in custody in violation of the

constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c).  Federal courts

do not possess supervisory authority over state judicial proceedings; they may only

intervene to correct violations of federal law.  *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209,

221 (1982).  Review of habeas corpus actions under § 2241 is governed by 28 U.S.C. §

2243, which vests the Court with the authority to decide the case as a matter of law.

*See* 28 U.S.C. § 2243; *Watts v. Hadden*, 489 F. Supp. 987, 989 (D. Colo. 1980), *aff'd*,

651 F.2d 1354 (10th Cir. 1981).

"A habeas petitioner is generally required to exhaust state remedies whether his

action is brought under § 2241 or § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th

Cir. 2000).  In *Picard v. Connor*, 404 U.S. 270, 275-76 (1971), the Supreme Court

noted:

> We emphasize that the federal claim must be fairly
> presented to the state courts.  If the exhaustion doctrine is to
> prevent unnecessary conflict between courts equally bound
> to guard and protect rights secured by the Constitution, it is
> not sufficient merely that the federal habeas applicant has
> been through the state courts.  The rule would serve no
> purpose if it could be satisfied by raising one claim in the
> state courts and another in the federal courts.  Only if the
> state courts have had the first opportunity to hear the claim
> sought to be vindicated in a federal habeas proceeding does
> it make sense to speak of the exhaustion of state remedies.
> Accordingly, we have required a state prisoner to present the
> state courts with the same claim he urges upon the federal
> courts.

*Id.* (internal citation and quotation marks omitted).  "The exhaustion requirement is not

one to be overlooked lightly.  Principles of comity and federalism demand that the

requirement be 'strictly enforced.'"  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th

4

Cir. 1995).

Mr. Ovigian is required to exhaust state remedies before he may raise his claims in federal court.  *See Montez*, 208 F.3d at 866.  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  A state prisoner bringing a federal habeas corpus bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Ovigian has failed to exhaust state remedies.  He has not filed a state court proceeding in his criminal case, *see* ECF No. 10, ex. E (state court register in *People v. Ovigian*, Larimer County District Court Case No. 07CR844, in which he was convicted on theft charges), nor has he filed a civil habeas corpus action in state court.  *See* ECF No. 10, ex. D (state court list of all Mr. Ovigian's state criminal and civil cases). According to Mr. Ovigian's habeas corpus application, this federal court case is based on the two COPD convictions, DOC Case Nos. 140609 and 140698.  ECF No. 1 at 5-6. The two COPD hearings took place, and the Disposition of Charges was issued on November 20, 2013 in No. 140609 (ECF No. 10, ex. F at 1), and on December 10, 2013 in No. 140698 (*id.* at 2).  Mr. Ovigian could have appealed the disposition of the

disciplinary charges if he disagreed with the COPD convictions.  Similarly, if he disagreed with the parole revocation or rescission, he could have filed a petition in his criminal case pursuant to Rule 35(c)(2)(VII) of the Colorado Rules of Criminal Procedure or a habeas corpus proceeding in state court.  Therefore, Mr. Ovigian has not adequately presented his claim to the state courts, he has failed to exhaust his state court remedies, and the instant action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Ovigian files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __1st__ day of ____July_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court